IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS H. LITVIN CO., An Illinois Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) No. ) ) Judge ) ) Magistrate ) ) ) ) ) ) ) |

FILED: MAY 1, 2008
08cv2501 j. n.
JUDGE CASTILLO
MAG. JUDGE ASHMAN

## COMPLAINT

Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendant, THOMAS H. LITVIN CO., an Illinois corporation, as follows:

1.  (a)  Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

(b)     Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.     Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.     (a)     The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws.  The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4.     (a)     Defendant, THOMAS H. LITVIN CO. **("Litvin")**, is an Illinois corporation and is doing business within this Court's jurisdiction.

(b)     **Litvin** is an employer engaged in an industry affecting commerce.

5.     **Litvin** has entered into a collective bargaining agreement with Local 501 pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees since at least December 9, 2002. (See copy of signed Assignment of Bargaining Rights attached hereto as Exhibit "1").

6. By virtue of certain provisions contained in the collective bargaining agreements, **Litvin** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **Litvin** is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Plaintiffs are advised and believe that for the period November 1, 2004 through present, **Litvin** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9. An audit by the Plaintiffs' accountant of the books and records of Defendant, **Litvin**, is necessary in order to determine any amounts the Defendant, **Litvin**, owes to the Plaintiffs for the period from November 1, 2004 to the present.

10. Due to its failure to pay the contributions, **Litvin** is further obligated to pay contributions in an amount shown to be due under an audit.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.  That Defendant be ordered to submit the books and records of the Defendant to an accountant selected by Plaintiffs for the purpose of conducting a fringe benefit compliance audit for the period from November 1, 2004 to the present.

B.  That Judgment be entered for Plaintiffs and against Defendant, in the amount shown to be due under such audit.

C.  That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D.  That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E.  That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

F.  That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

Respectfully submitted,  
**BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al.**

By: s/Philip Brzozowski  
One of their Attorneys

Donald D. Schwartz  
Philip Brzozowski  
ARNOLD AND KADJAN  
19 West Jackson Blvd.  
Chicago, Illinois 60604  
(312) 236-0415

**EXHIBIT 1**

01/14/2008 14:53 FAX 6305859221 NIBF → ARNOLD KADJAN ☐003
From: giana Kipp To: Bob Litvin  Date: 10/15/02 Time: 1:50:38 PM  Page 2 of 2
Case 1:08-cv-02501   Document 1   Filed 05/01/2008   Page 6 of 6

# ASSIGNMENT OF BARGAINING RIGHTS

The undersigned Company hereby designates the Plumbing and Mechanical Contractors Association of Northern Illinois (the Association) as its sole and exclusive bargaining agent for the purpose of negotiating a collective bargaining agreement with U.A. Local 501 and/or the United Association to replace the agreement which expires on May 31, 2003.

I understand and agree that the Association may further assign the bargaining rights covered by this delegation to the Mid-Western Association for Plumbing, Heating and Cooling Contractors.

I understand that by executing this authorization the Association becomes my sole and exclusive bargaining agent for the above-named local union and that I may not engage in any individual negotiations or discussions of the terms of any labor agreements or sign any individual agreement or any interim agreements. If I breach any of my obligations under this Agreement, I understand that the Association may take such actions as may be appropriate to enforce this Agreement, and that the Association may, at its own discretion, decline to accept a delegation of bargaining authority from me in future negotiations.

This assignment of bargaining rights shall be effective as of the date it is signed and shall continue in full force and effect thereafter and may not be revoked or canceled prior to thirty days after the Association has negotiated a final agreement with the identified union on the Company's behalf.

Any timely revocation of this assignment, in order to be effective, must be in writing and must be served on the Association. This assignment supersedes any previously executed delegations of bargaining authority for the above named local union that the Company may have executed.

NAME OF FIRM _Thomas H. Litvin Co_

By _[signature]_

SIGNATURE OF AUTHORIZED REPRESENTATIVE

_Robert L. Litvin_

PLEASE PRINT NAME

TITLE _C.E.O._   DATE _12/9/02_

Return to:

PAMCANI
603 Rogers Street, Ste. 2
Downers Grove, Illinois 60515
Phone: 630-960-3970

October 2002